# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 14-CR-0096-CVE |
| GREGORY LYNN SHRADER, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion for appeal bond (Dkt. # 58), filed by defendant pro se. On June 5, 2014, the grand jury issued an indictment charging defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Dkt. # 2. A warrant was issued for defendant's arrest on June 9, 2014. Dkt. # 4. At that time, defendant was already detained and awaiting trial in the District of Arizona on charges of willfully making a threat by means of an explosive, transport of explosive material, mailing injurious articles, and possession of explosive material by a convicted felon. See Minute Entry, United States v. Shrader, No: 2:14-cr-00355-NVW, Dkt. # 9 (March 14, 2014). A jury in that district found defendant guilty on all four counts, see Jury Verdict, United States v. Shrader, No: 2:14-cr-00355-NVW, Dkt. # 112 (September 11, 2014), and defendant was sentenced to 84 months imprisonment. Judgment and Commitment Issued, United States v. Shrader, No: 2:14-cr-00355-NVW, Dkt. # 165 (December 16, 2014). Defendant thereafter filed an appeal with the Ninth Circuit Court of Appeals. Notice of Appeal, United States v. Shrader, No: 2:14-cr-00355-NVW, Dkt. # 169 (December 20, 2014). Prior to defendant entering the custody of the Bureau of Prisons, the United States Marshal's Service (USMS) filed a detainer as to the indictment still pending in this district. Pursuant to Fed. R. Crim. P. 5(c)(3), defendant appeared

before a magistrate judge in the District of Arizona, who ordered defendant transferred to this district. Dkt. # 7. Defendant was subsequently tried and found guilty of the sole charge against him in this district, Dkt. # 43, after which he was remanded to the custody of the USMS to await sentencing. Dkt. # 44. Although defendant has given oral notice of his intent to appeal in this case, id. at 3, he has not yet been sentenced.

Defendant requests an appeal bond under the Bail Reform Act, 18 U.S.C. § 3141 et seq., because the "84 months will be overturned on appeal. There can be no question of this . . . ." Dkt. # 58, at 1. Under § 3143(b),[1] the Court "shall" order detention of one who has been convicted, been sentenced, and filed an appeal unless it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact." 18 U.S.C. § 3143(b). "The burden is on the defendant to show that all criteria of section 3143(b) are met." United States v. Ward, 934 F.2d 326, at *1 (10th Cir. 1991) (unpublished)[2]; see also United States v. Affleck, 765 F.2d 944, 953 (10th Cir. 1985) ("In sum, we hold that in order to grant bail pending appeal, a court must find that the defendant has met his burden of proving by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or to the community if released under § 3143(b)(1) . . . ." (emphasis added)). There is a presumption that defendants will be detained pending sentencing or appeal, absent defendant satisfying the

---

[1] Defendant's sentencing in this district is scheduled for August 13, 2015, approximately one week from this date. Additionally, defendant has given oral notice of his intent to appeal. Dkt. # 44, at 3. Thus, the Court will treat defendant's motion as a motion for release pending appeal under § 3143(b), not a motion for release pending sentence under § 3143(a).

[2] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

2

conditions of § 3143. See United States v. Ingle, 454 F.3d 1082, 1084 (10th Cir. 2006) ("Pending sentencing, the presumption is that a defendant will be detained. . . . Pending appeal, bail for most defendants must be denied . . . ." (internal punctuation omitted)).

Defendant's motion is devoted wholly to the second consideration of § 3143(b), arguing that his conviction in Arizona will be reversed by the Ninth Circuit because of the prosecution's alleged fabrication of evidence. Dkt. # 58, at 1-5. Defendant ignores that, in addition to demonstrating the substantiality of his appeal, it is his burden to show the Court, by clear and convincing evidence, that he does not pose a flight risk or a danger to the community. 18 U.S.C. § 3143(b)(1)(A). Defendant presents no evidence on these issues. Because the Tenth Circuit has placed the burden of demonstrating the conditions of § 3143(b) on defendant, See Ward, 934 F.2d at *1, defendant's failure to produce any evidence at all on this point is fatal to his motion. The Court finds that no evidence, and certainly not clear and convincing evidence, has been presented to show that defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1)(A). Accordingly, defendant has failed to overcome the presumption that he should be detained, see Ingle, 454 F.3d at 1084, and the Court finds that defendant must remain in detention. See id. § 3143(b)(1). Further, regardless of any § 3143(b) analysis, defendant cannot be released from custody because he has an outstanding Judgment and Commitment from the District of Arizona for an 84-month sentence that has not been served.

**IT IS THEREFORE ORDERED** that defendant's motion for appeal bond (Dkt. # 58) is **denied**.

**DATED** this 5th day of August, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE