UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 14-CR-0096-CVE |
| GREGORY LYNN SHRADER, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are the motion for leave of court (Dkt. # 61), the motion to vacate (Dkt. # 62), the motion for re-hearing on Rule 29 for defendant Greg Shrader (Dkt. # 63), and the motion for rehearing on suppression motion (Dkt. # 64), all filed by defendant pro se at his sentencing hearing, held August 13, 2015. See Dkt. # 65. Although defendant is represented by retained counsel and defense counsel was present at the sentencing hearing, defendant and defense counsel represented to the Court that the motions were defendant's own motions, not those of defense counsel on defendant's behalf. Thus, the Court will treat the motions as filed pro se. Defendant has been advised on numerous occasions that the Court has denied hybrid representation in this case. See Dkt. ## 24, 36, 47, 49, 52, 55. In spite of this, defendant has continued to file pro se pleadings, and he arrived at his sentencing hearing with his four pro se motions in hand. At his sentencing hearing, defendant also provided the Court with his pro se notice of appeal. In an abundance of caution and because the Court will lose jurisdiction upon the entry of defendant's notice of appeal, see United States v. Meyers, 95 F.3d 1475, 1488 n.6 (10th Cir. 1996), the Court will address defendant's motions despite previously having denied hybrid representation.

In the motion for leave of court, defendant requests permission to file his remaining motions out of time. Dkt. # 61, at 1. The Court allowed defendant to file his motions at his sentencing hearing, and the motions have since been docketed. See Dkt. ## 62, 63, 64. Thus, defendant's motion for leave of court (Dkt. # 61) is moot.

## I.

The facts of this case are well known to the parties and have previously been summarized. See Dkt. ## 37, 60. As a result of law enforcement officers' investigation into defendant on unrelated charges, officers sought a search warrant for defendant's home in Jay, Oklahoma. Dkt. # 37. During the search, firearms and ammunition were discovered. Id. Defendant was arrested on the unrelated charges filed in the District of Arizona, tried and found guilty in that district, sentenced, and subsequently transferred to the Northern District of Oklahoma on one felon in possession of firearms charge. Dkt. # 60. Defendant moved to suppress the firearms and ammunition found during the search, but the Court denied defendant's motion. Dkt. # 37. Following the Court's denial of defendant's motion to suppress, a trial was held May 11-12, 2015, and the jury found defendant guilty of the single count alleged in the indictment. Dkt. # 43. Plaintiff presented several law enforcement officers as witnesses at the trial. Dkt. # 44. A sentencing hearing was held on August 14, 2015, at which defendant was sentenced to 27 months imprisonment, 12 months of which will run consecutively to the undischarged term of imprisonment imposed in the District of Arizona. Dkt. # 65, at 1.

## II.

In his motion to vacate (Dkt. # 62), defendant seeks to vacate the indictment for failure "to comport with the Fifth and Sixth Amendments" because it fails to advise him of several essential

2

elements of 18 U.S.C. § 922(g)(1), to wit: that he had to be convicted of a "felony"; that he was required to be found knowingly possessing "firearms"; and that "possession" could include constructive possession. Dkt. # 62. In general, motions asserting defects in the indictment must be made prior to trial, Fed. R. Crim. P. 12(b)(3)(B), and failure to make a motion at that time may result in the argument being waived unless the moving party shows good cause. Fed. R. Crim P. 12(c)(3); see also United States v. Sinks, 473 F.3d 1315, 1320 (10th Cir. 2007). Although defendant does not address Rule 12 or show good cause, the Court will nevertheless consider his arguments.

"The failure to charge an essential element of a crime violates the Fifth Amendment." Id. (citing Apprendi v. New Jersey, 530 U.S. 466 (2000)). In the indictment, the grand jury charges defendant with a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce[] any firearm or ammunition . . . ." In the Tenth Circuit, § 922(g)(1) has three essential elements:

> First: the defendant knowingly possessed a firearm [or ammunition];
>
> Second: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm [or ammunition]; and
>
> Third: before the defendant possessed the firearm [or ammunition], the firearm [or ammunition] had moved at some time from one state to another [or from a foreign country to the United States].

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS-CRIMINAL § 2.44 (West 2011); see also United States v. Taylor, 113 F.3d 1136, 1144-46 (10th Cir. 1997). The indictment charges defendant as follows:

> On or about March 6, 2014, in the Northern District of Oklahoma, the defendant . . . having been convicted of the following crimes punishable by imprisonment for terms exceeding one year . . . did knowingly possess in and affecting interstate

3

> commerce the following firearms and ammunition . . . . All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Dkt. # 2, at 1-2.

Defendant first argues that the indictment fails to charge that he was convicted of a felony prior to his possession of the firearms. Dkt. # 62, at 4. Although the indictment does not use the term "felony," it does charge him with having been convicted of several crimes "punishable by imprisonment for terms exceeding one year," see Dkt. # 2, at 1, which is the common definition of the term "felony." Burgess v. United States, 553 U.S. 124, 130 (2008). More importantly, § 922(g)(1) does not use the term "felony"; rather, it makes unlawful the possession of a firearm by a person "convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." The allegation in the indictment tracks the language of the statute and the statute unambiguously sets forth the necessary elements of the offense, rendering defendant's argument unconvincing. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Wood, 6 F.3d 692, 698 (10th Cir. 1993).

Second, defendant asserts that the indictment fails to advise him that a firearm is "any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive." Dkt. # 62, at 4. Although not cited, defendant's motion parrots the definition of a "firearm" found in 18 U.S.C. § 921(a)(3). The Fifth Amendment requires that the indictment charge each element of the crime, but the Court can find no authority, and defendant provides none, to suggest that the indictment must also define the terms used in the indictment. See Robbins v. United States, 476 F.2d 26, 30-31 (10th Cir. 1973) (finding "without merit" the defendant's argument that an indictment was invalid because it did not include the statute defining a destructive device as a firearm); cf. FED. R. CRIM. P. 7(c) ("The indictment or information must be a plain, concise, and

4

definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." (emphasis added)). The indictment clearly charges that defendant "knowingly possess[ed] . . . the following firearms and ammunition," and it proceeds to describe in detail the firearms and ammunition. Dkt. # 2, at 1-2. This is sufficient under the Fifth Amendment.[1]

Finally, defendant argues that the indictment charges him only with "possession" of the firearms, as opposed to constructive possession. Dkt. # 62, at 5. However, as before, § 922(g)(1) only makes unlawful the "possession" of a firearm by a prohibited person; it does not mandate the type of possession. Therefore, the use of the word "possession" in the indictment includes all types of legal possession. Cf. United States v. Burch, 72 F. Supp. 3d 1235, 1238 (N.D. Okla. 2014) (noting that it would be an unconstitutional constructive amendment of the indictment to allow the government to prove a broader means of conviction than was charged in the indictment). In the Tenth Circuit, "[i]t is well settled [that] the required 'possession' for purposes of § 922(g) includes

---

[1] Defendant, citing United States v. Wada, 323 F. Supp. 2d 1079 (D. Or. 2004), and United States v. Rivera, 415 F.3d 284 (2d Cir. 2005), also argues that two of the three firearms listed in the indictment could not be "firearms" because, according to his representation of the trial testimony, they could not expel a projectile. See Dkt. # 62, at 7-8. This is an argument as to the sufficiency of the evidence at trial, not an argument that the indictment should be vacated. Further, there is and was no issue as to the third firearm's ability to expel a projectile. Regardless, the trial testimony is not as clear-cut as defendant implies. Agent Holley Campbell of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that the firearms did contain a small weld in the barrel that prevented immediate use, but she also testified that the firearms could be made operational by the removal of the weld. As a firearm includes any device that "may readily be converted to expel a projectile," 18 U.S.C. § 921(a)(3), the jury could have found, based on Agent Campbell's testimony, that any or all of the firearms presented at trial were "firearms" under § 921(a)(3). See United States v. Yannott, 42 F.3d 999, 1006 (6th Cir. 1994) (finding a gun that was inoperable due to broken firing pin could still be readily converted to expel a projectile and so remained a firearm).

both actual and constructive possession." Taylor, 113 F.3d at 1144. Thus, the indictment did not fail to allege the possession element of § 922(g)(1).

The Court finds that the indictment adequately charged each essential element of 18 U.S.C. § 922(g)(1), and so there is no basis to vacate the indictment. Defendant's motion to vacate (Dkt. # 62) is denied.

### III.

Next, defendant seeks a rehearing on his motion for acquittal under Rule 29. Dkt. # 63. At the close of plaintiff's case and again at the close of his own case, defendant moved for a judgment of acquittal. Dkt. # 44, at 2. The Court overruled both motions. Id. Although defendant requests a new hearing, the Court will treat defendant's motion as a motion to reconsider the Court's ruling on the original motion. "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014) (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)) (citation omitted).

On a motion for a judgment of acquittal, the Court must consider whether the evidence, viewed in the light most favorable to plaintiff, is sufficient to sustain a conviction. United States v. Acree, 466 F.2d 1114, 1117 (10th Cir. 1972). Defendant argues that his motion for acquittal should be granted because his trial was not for possession of a firearm, as charged in the indictment, but for "constructive possession of a firearm." Id. at 1. In addition, defendant contends that there was not enough evidence to show that he "knowingly" possessed the firearms, as required by statute. Id. at

6

3. The Court interprets defendant's arguments as alleging "the need to correct clear error or prevent manifest injustice," as he presents no new evidence or intervening change in the controlling law.

Defendant's arguments regarding "constructive possession" are, for the most part, a restatement of his motion to vacate. Compare Dkt. # 62, with Dkt. # 63, at 8-12. These arguments have already been addressed and rejected above; the Court will not repeat them here. His only new argument is that the Court failed to properly instruct the jury on constructive possession. Dkt. # 63, at 10. Defendant is incorrect. The jury instructions, taken verbatim from the Tenth Circuit's pattern jury instructions, defined "possession" as including both actual and constructive possession, and they provided the definition of constructive possession. Dkt. # 42, at 26. Upon review, the Court finds that the jury instructions are in accord with Tenth Circuit precedent on the subject of possession. See Taylor, 113 F.3d at 1144. The Court finds no clear error or manifest injustice with regard to the proof of or instructions regarding possession.

Defendant also argues that there was insufficient evidence to show that his possession of the firearms was "knowing," as required by Taylor. Dkt. # 63, at 4. Defendant points out that "none of the witnesses testified that defendant knew or had knowledge the gun was in his house."[2] Id. at 5. He also argues that plaintiff's attorneys made false, misleading statements to the jury regarding

---

[2] It is not necessary that a witness testify to defendant's knowledge. As the jury was instructed, "[a] defendant's knowledge may be inferred from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of a fact. Knowledge may not be inferred from proof of mistake, negligence, carelessness, or foolishness. The knowledge that a person possesses at any given time may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances in evidence which may aid in your determination of that person's knowledge." Dkt. # 42, at 24-25. Knowledge may be inferred. TENTH CIRCUIT PATTERN JURY INSTRUCTIONS-CRIMINAL § 1.37 (West 2011).

whether any possession was knowing. Id. at 4-5. However, the Court sees no clear error or manifest injustice in its determination at trial that there was sufficient evidence on all elements of the crime, including the requirement that possession be knowing, to convict. Defendant was not the record owner of the home, but according to the trial testimony he was its sole occupant. Moreover, he had been the record owner of the property at various points in the past. Viewing this evidence in the light most favorable to the plaintiff, the jury could--and apparently did--infer that defendant, as the sole occupant, would have known about the firearms in the home. See United States v. Galbraith, 20 F.3d 1054, 1057 (10th Cir. 1994) ("The jury may draw reasonable inferences from basic facts to ultimate facts."). The Court sees no clear error or manifest injustice as to the evidence that defendant knowingly possessed the firearms.

The Court finds no reason to reconsider its prior ruling on defendant's motions for a judgment of acquittal. Accordingly, defendant's motion for re-hearing on Rule 29 (Dkt. # 63) is denied.

## IV.

Finally, defendant requests a rehearing on his motion to suppress. Dkt. # 64, at 1. An evidentiary hearing on defendant's motion to suppress (Dkt. # 28) was held on May 1, 2015. Dkt. # 31. The Court thereafter entered a detailed opinion and order finding that suppression was not required. Dkt. # 37. Defendant argues that a rehearing is warranted because: defendant was denied access to his legal materials; defense counsel was twice denied access to defendant and defendant's legal materials prior to the original hearing; fabricated photographic evidence was presented at the original hearing, surprising defense counsel; and the Court gave only a thirty-day extension to file motions, denying defense counsel time to properly review the discovery. Dkt. # 64. As before, the

8

Court will treat defendant's motion as a motion to reconsider the Court's ruling on the motion to suppress. "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" Christy, 739 F.3d at 539.

Defendant's arguments for reconsideration do not meet the Tenth Circuit's requirements. Defendant states that he was not allowed access to his legal materials at the corrections facility where he was being held unless a corrections officer contemporaneously inspected the materials. Dkt. # 64, at 2. "[I]n the prison context the Supreme Court has instructed [courts] to apply 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain . . . security . . . consistent with consideration of costs and limited resources." Yellowbear v. Lampert, 741 F.3d 48, 59 (10th Cir. 2014). Thus, requiring an inspection of defendant's legal materials does not show clear error or manifest injustice. The fact that, on a few occasions, defendant was not able to meet with his counsel prior to the Court's ruling on suppression does not reveal manifest injustice requiring reconsideration of suppression, especially where defendant's own motion notes that he was able to speak with his counsel on other occasions. Dkt. # 64, at 5. Defendant's argument about the fabrication of evidence was made at the original suppression hearing and addressed in the Court's opinion and order on the motion to suppress. See Dkt. # 37, at 6 n.7. Absent additional information or legal citation, the Court sees no ground for reconsideration as to this argument. Finally, the Court granted two extensions of time prior to the suppression hearing at the request of defense counsel, see Dkt. ## 18, 27, so that argument provides no basis for reconsideration. As none of defendant's arguments meets the

9

standards for reconsideration established by the Tenth Circuit, the Court declines to reconsider its previous opinion and order denying defendant's motion to suppress or to order a new hearing on the motion to suppress. Defendant's motion for rehearing on suppression motion (Dkt. # 64) is denied.

**IT IS THEREFORE ORDERED** that defendant's motion for leave of court (Dkt. # 61) is **moot**.

**IT IS FURTHER ORDERED** that defendant's motion to vacate (Dkt. # 62), motion for rehearing on Rule 29 for defendant Greg Shrader (Dkt. # 63), and motion for rehearing on suppression motion (Dkt. # 64) are **denied**.

**DATED** this 14th day of August, 2015.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE