# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CR-0096-CVE** |
| | ) | **(Civil Case No. 17-CV-0554-CVE-JFJ)** |
| **GREGORY LYNN SHRADER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant Gregory Lynn Shrader's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 107).

## I.

On June 5, 2014, a grand jury returned an indictment charging defendant with one count of possession of firearms and ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Dkt. # 2. On April 13, 2015, defendant moved to suppress the charged firearms and ammunition, alleging that the search warrant was not supported by probable cause and based on stale information, and that the search exceeded the scope of the warrant. Dkt. # 28. On May 1, 2015, the Court held a hearing on defendant's motion, which the Court denied in an opinion and order. Dkt. # 31; Dkt. # 37. On May 12, 2015, following jury trial, a jury returned a verdict finding defendant guilty of the one count charged. Dkt. # 43. On August 13, 2015, the Court sentenced defendant to twenty-seven months imprisonment, with fifteen months to run concurrently with, and twelve

months to run consecutively to, the term of imprisonment imposed in <u>United States of America v. Gregory Lynn Shrader</u>, No. 14-CR-335 (D. Ariz. filed Mar. 11, 2014). Dkt. # 65.[1]

Defendant appealed his conviction in this case. <u>United States of America v. Gregory Lynn Shrader</u>, 665 Fed. App'x 642 (10th Cir. 2016). On appeal, he argued that this Court should have granted his suppression motions, his indictment should have been dismissed based on allegations that his jailers seized his legal mail during his pretrial confinement, the prosecution should not have been allowed to pursue a theory of constructive possession, and this Court violated the Speedy Trial Act, 18 U.S.C. § 3161 <u>et seq</u>. <u>Id.</u> at 644-51. The Tenth Circuit rejected each of these arguments and affirmed defendant's conviction. <u>Id.</u>

On October 2, 2017, defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 107). The government filed a motion to dismiss (Dkt. # 113), and defendant filed a response (Dkt. # 115).

**II**

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

---

[1] In defendant's Arizona case, on September 11, 2014, a jury returned a verdict finding defendant guilty of multiple offenses. <u>Shrader</u>, No. 14-CR-335, at Dkt. # 112. On December 12, 2014, the Arizona court sentenced defendant to eighty-four months imprisonment with credit for time served (defendant had been detained since April 16, 2014). <u>Id.</u> at Dkt. #23; Dkt. # 165. Accounting for defendant's time served, and assuming he receives good time credit for his sentence under 18 U.S.C. § 3624, defendant will not finish serving his Arizona sentence (and begin serving the twelve months consecutive to that sentence that this Court imposed on him) until early 2020 at the soonest.

In his motion, defendant presents four grounds for relief: (1) the government committed prosecutorial misconduct by misleading the grand jury to obtain an indictment, as there was no evidence that defendant "actually possessed" firearms and ammunition, and the indictment did not list elements for constructive possession, Dkt. # 107, at 4; (2) the government committed prosecutorial misconduct by stating to the jury in closing that defendant possessed the charged firearms, which defendant believes conflicts with witness testimony establishing that he was not in actual possession of them, Dkt. # 108, at 8-9; (3) this Court erred in finding that there was probable cause to support the search warrants, Dkt. # 107, at 7; and (4) this Court erred in not suppressing evidence at trial. Id. at 8.

The government argues that defendant is procedurally barred from raising each of the claims alleged in his § 2255 motion because they were either not raised, or explicitly addressed, on direct appeal. Dkt. # 113, at 8. Tenth Circuit precedent is clear that "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Criminal defendants may not use § 2255 motions as a substitute for a direct appeal, and failure to raise an issue at trial or on direct appeal creates a procedural bar. United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004); United States v. Barajas-Diaz, 313 F.3d 1242, 1245 (10th Cir. 2002). A procedural bar also arises when claims were raised on direct appeal and the claims have been considered and rejected by the appellate court. Warner, 23 F.3d at 291. Procedural default can be excused if defendant can show that cause and prejudice exist to excuse the default or that a fundamental miscarriage of justice has occurred. Barajas-Diaz, 313 F.3d at 1247. Although the Court must construe defendant's pleadings liberally, defendant bears the burden to show cause and prejudice or that a fundamental miscarriage of justice

requires a court to excuse his procedural default. <u>George v. Perrill</u>, 62 F.3d 333, 335 (10th Cir. 1995).

The Court has reviewed defendant's § 2255 motion and the Tenth Circuit's decision, and finds that defendant's claims are procedurally barred. On appeal, defendant did not raise the prosecutorial misconduct claims asserted in grounds one and two of his motion, and he fails to establish cause for procedural default.[2] As to the claims defendant asserts in grounds three and four of his motion—<u>i.e.</u> that this Court erred in finding probable cause to support the search warrants and denying defendant's suppression motions—the Tenth Circuit has already considered and rejected them. <u>Id.</u> at 644-47 ("The district court properly denied Mr. Shrader's suppression motions. [...] The affidavit here provided a substantial basis to conclude that evidence of criminal activity would be found at Mr. Shrader's house."). And defendant fails to meet his burden to show cause and prejudice or that a fundamental miscarriage of justice requires this Court to excuse his procedural default.

Accordingly, the government's motion to dismiss is **granted** (Dkt. # 113), and defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 107) is hereby **dismissed**. A separate judgment is entered herewith.

**IT IS SO ORDERED** this 4th day of April, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]     Defendant did, however, raise the issue of the supposed distinction between actual and constructive possession that forms the basis for his prosecutorial misconduct claims, and the Tenth Circuit squarely rejected his reasoning. <u>Shrader</u>, 665 Fed. App'x at 650 ("Mr. Schrader's first two arguments incorrectly assume that constructive possession and actual possession are separate offenses.").